UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x
ANGELLA THIGPEN,

                Plaintiff,

      -against-

CAROL WESTFALL
BOARD OF TRUSTEES OF THE LOCAL 807
LABOR-MANAGEMENT PENSION FUND,

                Defendants.
---------------------------------------x

Case No. 18-CV-

NOTICE OF REMOVAL

Defendant Board of Trustees of the Local 807 Labor-Management Pension Fund (the "Fund"), by its attorneys, Cary Kane LLP, respectfully seeks the removal of the civil action entitled *Angella Thigpen v. Carol Westfall Board of Trustees of the Local 807 Labor-Management Pension Fund*, Index No. 3248/2017 ("State Court Action"), from the Supreme Court of the State of New York, Kings County, to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1441, and alleges as follows:

## PARTIES

1. The Fund is an "employee pension benefit plan" and "multiemployer plan" as those terms are defined by Sections 3(2) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), *29 U.S.C. §§ 1002(2) and 1002(37)*. The Fund is located at 32-43 49th Street, Long Island City, New York.

2. The Fund's Board of Trustees has been, at all times material hereto, the "plan sponsor" and "plan administrator" of the Fund, as defined by Section 3(16) of ERISA, *29 U.S.C. § 1002(16)*. The Trustees are "fiduciaries" of the Fund, as defined by Section 3(21) of ERISA, *29 U.S.C. § 1002(21)*.

3. At all relevant times, Defendant Carol Westfall ("Westfall,") was the co-managing partner of the accounting and consulting firm Schultheis & Pannettieri, which provided accounting services to the Fund. Westfall has never been the Fund administrator. Nor has she ever been an employee of the Fund. Westfall has consented to the removal of this action to this Court.

4. Upon information and belief, plaintiff Angella Thigpen ("Plaintiff") is the daughter of Jesse Thigpen. Jesse Thigpen received pension benefits from the Fund from 2003 until his death on May 6, 2014 and Plaintiff received death benefits from the Fund as Jesse Thigpen's beneficiary after his death.

## STATE COURT ACTION

5. Plaintiff commenced an action on or about December 7, 2017, by filing a Summons and Complaint in the Supreme Court of the State of New York, Kings County, Index No. 3248/2017, against the Fund and Westfall. A true and correct copy of Plaintiff's Summons and Complaint in the State Court Action (the "Complaint") is attached hereto as Exhibit A.

6. The Complaint alleges that Plaintiff is entitled to benefits from the Fund as a beneficiary of Jesse Thigpen and that Westfall breached her fiduciary duty in refusing to send Plaintiff "my father[s] original designation form with my name on it." The Complaint recites a cause of action for "negligence" and seeks all benefits due to Plaintiff, as well as plan documents and documentation on "reporting and disclosure, participation, vesting, funding, and, so on."

## BASIS FOR REMOVAL

7. According to 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8. Section 502(e) of ERISA, *29 U.S.C. § 1132(e)*, provides that "except for actions arising under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this title [Title I] brought by the Secretary, or by a participant, beneficiary or fiduciary…State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a)."

9. Under Section 502(e) of ERISA, district courts of the United States have original jurisdiction over claims arising under Title I, Section 502(a)(1)(B) of ERISA. The Complaint seeks benefits from the Fund, an ERISA employee pension benefit plan, based on Plaintiff's status as a beneficiary of the Fund. Such a claim arises under Title I, Section 502(a)(1)(B) of ERISA.

10. The Complaint also alleges that Westfall breached her fiduciary duties as the Fund Administrator. Claims for breach of fiduciary duty by an ERISA fiduciary are actionable under Title I, Section 502(a)(2) of ERISA. Under Section 502(e) of ERISA, district courts of the United States have original and exclusive jurisdiction over claims arising under Title I, Section 502(a)(2) of ERISA.

11. The Complaint further alleges that Defendants failed to provide Plaintiff with plan documents. Such claims are actionable under Title I, Section 502(c) of ERISA. Under Section 502(e) of ERISA, district courts of the United States have original and exclusive jurisdiction over claims arising under Title I, Section 502(c) of ERISA.

12. Removal of the State Court Action to this Court is warranted under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over the above three claims as well as exclusive jurisdiction over Plaintiff's claims for breach of fiduciary duty and failure to provide plan documents.

13. Pursuant to 28 U.S.C. §1367(a), a federal district court has supplemental jurisdiction over "all other claims that are so related to the claims in the action within [the Court's] original jurisdiction that they forms part of the same case or controversy under Article III of the United States Constitution."

14. Insofar as the Complaint asserts a claim for negligence under state or common law, this Court would have supplemental jurisdiction over that claim because it is so related to the three claims for which this Court has original jurisdiction that it forms part of the same case or controversy.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

15. Pursuant to 28 U.S.C. § 1446(a), the documents attached as Exhibit A constitute all process, pleadings, and orders served upon Defendants in the State Court Action.

16. All Defendants consent to removal. Defendant Westfall has consented to the removal action, as confirmed in correspondence from her counsel attached as Exhibit B.

17. The Fund has timely filed this Notice of Removal within the 30-day time period prescribed by 28 U.S.C. § 1446(b).

18. Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the Supreme Court of the State of New York, Kings County, where the State Court Action was filed and had been pending prior to removal, is a state court within this federal district.

19. Written notice of the filing of this Notice of Removal has been or will be served on Plaintiff, and the Fund will promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, Kings Country, as required by 28 U.S.C. § 1446(d).

## CONCLUSION

By this Notice of Removal, the Fund does not waive any objections it may have as to service, jurisdiction, venue, or any other defenses or objections to this action. The Fund intends no admission of fact, law or liability by this Notice, and expressly reserve all defenses, motions, and/or pleas.

WHEREFORE, the Board of Trustees of the Local 807 Labor-Management Pension Fund respectfully requests that proceedings in the Supreme Court of the State of New York, Kings County, be discontinued and that this action be removed to the United States District Court for the Eastern District of New York.

Dated: New York, New York
January 10, 2017

Respectfully submitted,

CARY KANE LLP

By: *Susan Bruno*

Susan Bruno
Larry Cary

1350 Broadway, Suite 1400
New York, New York 10018
T: (212) 868-6300
F: (212) 868-6302
*Attorneys for Defendant Board of Trustees of the Local 807 Labor- Management Pension Fund*

TO: Angella Thigpen
811 Flushing Avenue, Apt 20A
Brooklyn, New York 11206
*Plaintiff Pro Se*

Peter J. Larkin
Wilson Elser Moskowitz Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, New York 10604
*Counsel for Defendant Carol Westfall*

5

4817-9800-7386, v. 1