UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ANGELLA THIGPEN,

                   Plaintiff,                         Case No. 18-CV- 162 (PKC)(LB)

      -against-
                                        <u>ANSWER</u>

CAROL WESTFALL
BOARD OF TRUSTEES OF THE LOCAL 807
LABOR-MANAGEMENT PENSION FUND,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant, the Board of Trustees of the Local 807 Labor-Management Pension Fund (the "Fund"), an employee benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, and which provides pension benefits to eligible participants and beneficiaries, by its attorneys, Cary Kane LLP, answers the unnumbered allegations contained in Plaintiff's Complaint as follows:

    <u>First Paragraph:</u>

*First Allegation: "An individual and, resident of Brooklyn, NY."*
Answer: Insofar as this allegation is intended to provide information about Plaintiff, the Fund admits that Plaintiff is an individual, and denies knowledge or information sufficient to form a belief as to Plaintiff's current residence. Insofar as this allegation is intended to provide any other information, the Fund denies knowledge or information sufficient to form a belief as to it.

*Second Allegation: "Defendant: Ms. Carol Westfall administrate of Local 807 Pension Plan of, Long Island City."*
Answer:  The Fund denies knowledge of any pension fund named the "Local 807 Pension Plan of Long Island City." Insofar as Plaintiff meant to reference the Local 807 Labor-Management Pension Fund, the Fund denies that Carol Westfall ("Westfall") is the "administrate" or administrator of that Fund. Westfall is the Co-Managing Partner of Schutheis and Pannettieri, LLP, which is an accounting firm with offices in Hauppauge, New York and Floral Park, New York that provides accounting services to the Fund.  She has no involvement in the Fund's determination of claims. The Fund denies knowledge or information sufficient to form a belief as to whether Westfall administers any other pension plans.

1

Second Paragraph:

*First Allegation: "On or about May 2014, Plaintiff contacted Local 807 to notify them of her Father's death."*
Answer: The Fund denies knowledge or information sufficient to form a belief as to whether Plaintiff contacted Local 807. Local 807 is a local union affiliated with the International Brotherhood of Teamsters and is a separate entity from the Fund. Eligible Local 807 members, their eligible dependents, and their eligible beneficiaries receive health and retirement benefits through various benefit funds, including the Fund, that are administered and governed separately from Local 807. Insofar as Plaintiff meant the Fund rather than Local 807, the Fund admits that Plaintiff contacted it in or about May 2014 to notify it of the death of her father, Jessie L. Thigpen ("Thigpen").

*Second Allegation: "Plaintiff was told to have the funeral home to send the bill to Local 807, was not dealing with me. For the amount of the funeral. And for, me to sign and fax over the assignment of agreement."*
Answer: The Fund denies this allegation as to Local 807. Insofar as Plaintiff meant the Fund rather than Local 807, the Fund admits that it directed Plaintiff to submit a signed and notarized authorization in order for the Fund to honor her request that it pay the $3,500 in death benefits due to her as Thigpen's beneficiary to the House of Hills Funeral Home and otherwise denies this allegation.

*Third Allegation: "I pay the remainder of funeral expenses myself. With my own money which is."*
Answer: The Fund denies knowledge or information sufficient to form a belief as to Plaintiff's allegation that she paid the remainder of Thigpen's funeral expenses with her own money, and cannot respond to the rest of this allegation as it cannot be understood.

*Forth Allegation: "I was told that there no further benefits by several people."*
Answer: The Fund admits that Plaintiff was advised that she was entitled to no benefits beyond the $3,500 in death benefits that she assigned to the House of Hills Funeral Home and otherwise denies this allegation.

*Fifth Allegation: "But my father Jessie L Thigpen was a participant of the Local 807 Labor-Management Pension Fund."*
Answer: The Fund admits that Thigpen was a participant in the Fund between 1983 and the date of his death, and denies this allegation as to all other dates or periods.

*Sixth Allegation: "I had wrote Ms. Carol Westfall numerals times requesting the original application. For, my Father up to date designation of Beneficiary Form. For benefits payable upon the death of that member."*
Answer: The Fund admits that it received a letter addressed to Westfall and dated July 10, 2017, in which Plaintiff requested a copy of Thigpen's application and demanded "assets,

2

in his account" and denies knowledge or information sufficient to form a belief as to any further writings by Plaintiff to Westfall, who was not an employee of the Fund.

*Seventh Allegation: "I am the beneficiary of my father estate."*
Answer: The Fund denies knowledge or information sufficient to form a belief as to this allegation.

*Eighth Allegation: "He gave me this statement."*
Answer: The Fund cannot determine what statement this allegation references as no statement is attached to the Complaint and thus, the Fund does not have knowledge or information sufficient to form a belief as to this allegation.

*Ninth Allegation: "I requesting for the original documentation."*
Answer: The Fund cannot determine from this allegation what "original documentation" it references nor to whom Plaintiff made her request. Thus, the Fund does not have knowledge or information sufficient to form a belief as to this allegation. However, the Fund denies that it failed to provide Plaintiff with any documents that she requested from it.

*Tenth Allegation: "And also I went to court numeral of times and got court documentation to receive my Father information and documents contain the Pension Plan."*
Answer: The Fund admits that Plaintiff submitted to it a Certificate of Voluntary Administration from the Surrogate's Court of the State of New York, Kings County, authorizing her to collect and receive information on Thigpen from "Local 807 Labor-Management," denies that it received any other court documents regarding Plaintiff or Thigpen, and denies knowledge or information sufficient to form a belief as to rest of this allegation.

*Eleventh Allegation: "And still Local 807 refuse to give me my Father information on his Plan and retirement accounts, Life insurance policy."*
Answer: The Fund denies these allegations as to Local 807. Insofar as Plaintiff meant the Fund, not Local 807, Plaintiff denies this allegation.

*Twelfth Allegation: "And I am the designated beneficiary."*
Answer: The Fund admits that Thigpen designated Plaintiff in 2013 as the beneficiary for his death benefit, denies that she was the designated beneficiary of any other benefits from the Fund and denies knowledge or information sufficient to form a belief as to whether Plaintiff is the designated beneficiary of any benefit from another entity.

*Thirteenth Allegation: "He had update his form in 2013. Here proof"*
Answer: The Fund admits that Thigpen designated Plaintiff as the beneficiary of his death benefit on a "Pensioner's Beneficiary Card" in 2013, and denies that the Complaint contains any proof thereof. Insofar as this allegation refers to any form other than the

3

"Pensioner's Beneficiary Card," that was filed with the Fund, the Fund denies this allegation. The Fund denies knowledge or information sufficient to form a belief as to any form that was not filed with the Fund.

*Fourteenth Allegation: "I am requesting all documents governing the plan, including insurance contracts and collective bargaining agreements, Annuity, retirement account, all my father's assets."*
Answer:  This "allegation" appears to be a claim for relief to which the Fund need not respond.  The Fund denies this claim insofar as it suggests that the Fund has not provided to Plaintiff all documents governing the Fund and its plan of benefits that she requested.

*Fifteenth Allegation: "The Plan goes beyond."*
Answer:  The Fund does not understand this allegation and cannot respond to it.

*Sixteenth Allegation: "You have to honor my father's wish. And designate me. His daughter for, his estate you have to honor it."*
Answer: The Fund denies this allegation insofar as it demands that the Fund provide Plaintiff with benefits for which she was not properly designated or was not eligible under the terms of the Fund's plan of benefits and avers that the Fund paid benefits to Plaintiff in accordance with the benefits designations executed by Thigpen and the terms of the Fund's plan document.

Third Paragraph- Count 1- Negligence

*First Allegation: "Ms. Carol Westfall of Local 807 Local Administerate refuse to send me my father original designation form, with my name on it."*
Answer: The Fund denies that Westfall was the administrator, or an employee of Local 807. Insofar as this allegation is directed to the Fund rather than to Local 807, the Fund denies that Westfall is the "administerate" or administrator of the Fund, denies that it refused to provide Plaintiff with any designation forms that she requested, and denies, upon information and belief, that Westfall received any requests for or refused to send to Plaintiff Thigpen's beneficiary designation form.

*Second Allegation: "Violated a fiduciary duty."*
Answer:  The Fund denies that Westfall or the Fund violated any fiduciary duty in connection with the matters raised in the Complaint.

*Third Allegation: "Failure to disclose material information concerning the plan."*
Answer: The Fund denies that it, or anyone authorized to act on its behalf, failed to disclose any material information concerning the Fund's plan of benefits in connection with the matters raised in the Complaint. Upon information and belief, the Fund denies that defendant Westfall failed to disclose material information concerning the plan as she was

4

not a Fund employee and merely provided accounting services to the Fund through her employer.

Fourth Paragraph:
"*Recover all benefits that due to me, under my father retirement plan. Receiving all plan documents. Reporting and disclosure participation, vesting, funding and, so on.*"
Answer: The Fund does not understand this paragraph and thus, cannot respond. Insofar as this paragraph is intended to demand relief sought by Plaintiff, no response is required.

Fifth Paragraph:
"*I have endure emotional stress, pain, suffering, taking off work to go to court. Very sad, tired. Lack of sleep.*"
Answer: The Fund does not have knowledge or information sufficient to respond to this paragraph but denies that any such issues were caused by any actions of the Fund.

## AS AND FOR THE FUND'S AFFIRMATIVE FIRST DEFENSE

1.   The Complaint fails to state a claim for which relief can be granted.

## AS AND FOR THE FUND'S SECOND AFFIRMATIVE DEFENSE

2.   Plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").

## AS AND FOR THE FUND'S THIRD AFFIRMATIVE DEFENSE

3.   Plaintiff's claims for emotional damages and time off from work are not cognizable under ERISA.

## AS AND FOR THE FUND'S FOURTH AFFIRMATIVE DEFENSE

4.   By application dated August 13, 2002 and attached hereto as Exhibit A (redacted), Thigpen applied for pension benefits from the Fund.

5.   In December 2002, Thigpen rejected the husband-wife pension form of benefits, indicating that he was not married. A copy of Thigpen's benefit election form is attached hereto as Exhibit B.

6.   Under the terms of the Fund's plan of benefits at that time, retirees who did not take the husband-wife pension form received a single life annuity form of benefit, which provided for payments to continue only for the life of the retiree.

7.   At the time that Thigpen elected his pension form, the Fund included a 60 month guarantee for single life annuity pensions.  This guarantee provided that benefits would be paid to a

5

beneficiary for the remainder of the 60 month period if the retiree dies before he receives 60 months of pension benefits.

8. Thigpen named Leon B. Thigpen and Richard Thigpen as his primary beneficiaries. See, Exhibit B.

9. By designation dated November 15, 2003, Thigpen changed the primary beneficiary of the 60 month guarantee to his new wife, Jackleen Grant and named Leon B. Thigpen as his secondary beneficiary. A copy of the new election form is attached hereto as Exhibit C (redacted).

10. Plaintiff was never entitled to any of Thigpen's pension benefits because Thigpen did not name her as a beneficiary.

11. Thigpen died in May 2003, more than 60 months after he began receiving pension benefits and thus, no benefits were due under the 60 month guarantee.

## AS AND FOR THE FUND'S FIFTH AFFIRMATIVE DEFENSE

12. By designation form dated July 22, 2013, and attached hereto as Exhibit D, Thigpen named Plaintiff as the primary beneficiary and Leon Thigpen as the secondary beneficiary of his $3,500 death benefit.

13. By directive sworn to on May 14, 2014, and attached hereto as Exhibit E (redacted), Plaintiff instructed the Fund to pay the $3,500 death benefit to House of Hills Funeral Home.

14. The Fund paid this benefit to the funeral home by two checks dated June 24, 2014. See, Exhibit F.

15. There were no further death benefits payable from the Fund.

## AS AND FOR THE FUND'S SIXTH AFFIRMATIVE DEFENSE

16. The Fund has paid to Plaintiff all benefits to which she is entitled.

## AS AND FOR THE FUND'S SEVENTH AFFIRMATIVE DEFENSE

17. Plaintiff failed to notarize her verification rendering her complaint invalid. It should therefore be stricken


WHEREFORE, Defendant Board of Trustees of the Local 807 Labor-Management Pension Fund asks that this Court dismiss Plaintiff's Complaint with prejudice and award it the costs of responding to this action.

6

4830-4476-4506, v. 2

Dated:  January 16, 2018

CARY KANE, LLP


By: _Susan Bruno_____

Susan Bruno, Esq.
Larry Cary, Esq.

Attorneys for Defendant
Board of Trustees of the
Local 807 Labor-Management Pension Fund
1350 Broadway, Suite 1400
New York, New York 10018

7

4830-4476-4506, v. 2